# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| **RUSSELL G. MCMILLAN** | CASE NO: 3:25-cv-908 |
| Plaintiff, | |
| v. | |
| **PLURI POTENT PARTNERSHIP, LLC** | |
| Defendant. | **COMPLAINT** <br> **(JURY TRIAL DEMANDED)** |

Plaintiff Russell G. McMillan, by and through undersigned counsel, for his Complaint against Defendant Pluri Potent Partnership, LLC states and alleges as follows:

## NATURE OF THE CASE

1. This civil action arises from violations of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* ("ADEA"), the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), and state law; and breach of an Employment Agreement.

2. Plaintiff Russell G. McMillan ("Plaintiff" or "Mr. McMillan") was employed by Defendant Pluri Potent Partnership, LLC ("Defendant" or "P3") under an Employment Agreement as Director of Aviation from April 1, 2021, until his surprise termination on December 13, 2024. Mr. McMillan is a veteran corporate pilot with an exemplary record. He has a hearing-related disability and was 62 years old at the time that Defendant terminated him.

3. Defendant terminated Mr. McMillan under the false pretense of dissolving its flight department. In reality, P3 targeted Mr. McMillan for removal after he raised good faith complaints to his supervisor, Defendant's Chief Executive Officer, regarding flight scheduling practices that

violated Federal Aviation Administration ("FAA") safety regulations and industry best practices and jeopardized both licensure and passenger safety.

4. Defendant's decision to terminate Mr. McMillan was also motivated by unlawful bias based on his age and hearing-related disability. After terminating Mr. McMillan, Defendant used substantially younger, non-disabled pilots – including Mr. McMillan's previous subordinate – to perform Mr. McMillan's duties under the guise of an independent contractor relationship, a thinly veiled attempt to circumvent age and disability discrimination laws.

5. Defendant's termination of Mr. McMillan also constituted a breach of the Employment Agreement between Mr. McMillan and Defendant.

6. As a result of his unlawful termination and the breach of his Employment Agreement, Mr. McMillan has suffered significant economic harm.

## PARTIES

7. Mr. McMillan is a natural person and resident of Mecklenburg County, North Carolina. At all times relevant to this action, Mr. McMillan was employed by Defendant in Charlotte, North Carolina, and performed his job duties in this State and elsewhere.

8. Defendant is a North Carolina limited liability company, organized and existing under the laws of the State of North Carolina. Defendant's registered agent is located at 101 S. Tryon St., Ste. 2200, Charlotte, NC, 28280.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over Plaintiff's federal claims under the ADEA and the ADA and supplemental jurisdiction over Plaintiff's remaining claims.

10. Venue is proper in this Court because Defendant maintains its registered office and principal place of business in Charlotte, North Carolina, and because the acts and omissions giving

rise to the claims occurred in whole or in substantial part within Mecklenburg County. In addition, Section 13 of the Employment Agreement at issue requires any action or proceeding by either party to enforce the Employment Agreement to be brought in a state or federal court located in the state of North Carolina, County of Mecklenburg.

11. All procedural prerequisites to filing this action have been fulfilled.

## FACTUAL ALLEGATIONS

12. On April 1, 2021, Mr. McMillan entered into a written Employment Agreement ("Employment Agreement")[1] with Defendant. The Employment Agreement established a fixed term of employment through November 17, 2029, Mr. McMillan's 67th birthday, and appointed him the Director of Aviation. Dr. Jack Krajekian, Defendant's then President, executed the Employment Agreement on Defendant's behalf.

13. Under the terms of the Employment Agreement, Mr. McMillan is entitled to substantial contractual protections in the event of a termination "Without Cause," including, among other entitlements, continued salary and benefits through the end of the contract term, as well as bonus eligibility.

14. The Employment Agreement further requires Defendant to provide Mr. McMillan with a minimum of sixty (60) days' written notice prior to any termination.

15. The Employment Agreement explicitly incorporates Federal Aviation Administration ("FAA") duty and rest requirements into Mr. McMillan's scope of responsibilities.

16. Throughout his tenure, Mr. McMillan performed his duties in an exemplary manner. He received favorable performance evaluations, maintained FAA compliance across all flight operations, and provided reliable executive aviation services to Defendant's leadership.

---

[1] A true and correct copy of the Employment Agreement is attached hereto as Exhibit A.

17. In November 2023, Defendant entered into a strategic partnership with HealthEdge Investment Partners, a private equity firm.

18. In May 2024, Defendant appointed a new Chief Executive Officer, Tim North. Following this leadership change, Mr. North assumed direct control over aviation scheduling and began implementing operational changes that disregarded federal flight safety regulations and the contractual provisions governing Mr. McMillan's employment.

19. In or about August 2024, Mr. McMillan submitted written good-faith complaints to Defendant's new CEO regarding Mr. McMillan's serious concerns about ongoing violations of FAA regulations.

20. Mr. McMillan specifically identified Defendant's flight scheduling practices as disregarding federally mandated limits on pilot duty hours and minimum rest periods, placing both flight crew safety and FAA certification at risk. Mr. McMillan's warnings were grounded in binding federal law, applicable industry standards, and the express provisions of his Employment Agreement.

21. On December 13, 2024, Defendant abruptly terminated Mr. McMillan's employment without cause, citing a purported decision to "shut down" its flight department.

22. Because Defendant did not terminate Mr. McMillan for cause as defined in the Employment Agreement, its actions triggered the "without cause" termination provision, entitling Mr. McMillan to the severance and contractual benefits specified therein.

23. Around the same time, Defendant also separated Mr. McMillan's subordinate, Jason Calloway. Mr. Calloway is a pilot and approximately eleven years younger than Mr. McMillan.

24. Defendant offered Mr. Calloway more severance than it offered Mr. McMillan.

-4-

Case 3:25-cv-00908    Document 1    Filed 11/14/25    Page 4 of 11

25. Defendant offered Mr. Calloway an opportunity to return to the organization to perform pilot operations as an independent contractor with a material increase in compensation.

26. Defendant also hired a second pilot, Kristen Sayre, believed to be approximately 23 years old.

27. Mr. Calloway and Ms. Sayre perform the same aviation duties that Mr. McMillan had carried out prior to his termination.

28. These post-termination staffing decisions directly contradict Defendant's justification for ending Mr. McMillan's employment and instead reflect a calculated effort to replace him with significantly younger, non-disabled individuals under the guise of contracting.

29. On April 23, 2025, Mr. McMillan filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") regarding these events.[2] The Charge was assigned the number 533-2025-01911. On September 10, 2025, the EEOC issued a Notice of Right to Sue.[3]

## **CLAIMS FOR RELIEF**

### **COUNT I – BREACH OF EMPLOYMENT CONTRACT**

30. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 29.

31. Plaintiff and Defendant entered into a valid and binding Employment Agreement dated April 1, 2021, which guaranteed Plaintiff employment through November 17, 2029, absent a lawful termination for cause.

---

[2] A true and correct copy of the Charge of Discrimination is attached hereto as Exhibit B.

[3] A true and correct copy of the Notice of Right to Sue is attached hereto as Exhibit C.

32. Section 5 of the Employment Agreement includes specific requirements that the parties must follow to terminate the employment relationship, including at least 60 days' advance written notice of any termination of Plaintiff's employment.

33. Section 5 of the Employment Agreement also entitles Plaintiff to specific payments and entitlements if Plaintiff is terminated without cause.

34. Defendant terminated Plaintiff on December 13, 2024, without cause, without advance written notice, and without paying Plaintiff the amounts contractually owed under Section 5 of the Employment Agreement, thereby breaching the Employment Agreement.

35. Plaintiff has been damaged as a result of Defendant's breach, including but not limited to loss of salary, benefits, bonus compensation, and contractually guaranteed payments for missed duty-free days, in an amount exceeding $1.3 million, exclusive of interest and costs. Plaintiff has also incurred legal fees to enforce the Employment Agreement.

## COUNT II – AGE DISCRIMINATION
**(Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*)**

36. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 35.

37. At the time of his termination, Plaintiff was 62 years old and a member of the protected class under federal law.

38. Plaintiff was qualified for his position and had a record of strong performance.

39. Defendant terminated Plaintiff and offered him less severance than Mr. Calloway, who is younger and was less tenured. Then Defendant replaced Plaintiff with substantially younger individuals.

40. Defendant's stated reasons for Plaintiff's termination, elimination of its aviation department for financial reasons, are pretext for age discrimination.

41. Defendant's actions constitute a willful violation of the Age Discrimination in Employment Act.

42. As a direct and proximate result, Plaintiff has suffered lost income, diminished employment opportunities, emotional distress, and other damages.

### COUNT III – AGE DISCRIMINATION
### (Wrongful Discharge in Violation of North Carolina Public Policy)

43. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 42.

44. At the time of his termination, Plaintiff was 62 years old and a member of the protected class under North Carolina law.

45. Plaintiff was qualified for his position and had a record of strong performance.

46. Defendant terminated Plaintiff and offered him less severance than Mr. Calloway, who is younger and was less tenured. Then Defendant replaced Plaintiff with substantially younger individuals.

47. Defendant's stated reasons for Plaintiff's termination, elimination of its aviation department for financial reasons, are pretext for age discrimination.

48. Defendant's actions constitute unlawful age discrimination in violation of North Carolina public policy as expressed in the Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.2, which prohibits discrimination and discharge based on age.

49. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered lost income, diminished employment opportunities, emotional distress, and other damages.

## COUNT IV – DISIBILITY DISCRIMINATION
### (Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*)

50. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 49.

51. Plaintiff is a qualified person with a disability in that he has a physical impairment that substantially limits one or more major life activities. Plaintiff has a documented military service-connected hearing impairment that constitutes a disability within the meaning of the ADA.

52. Defendant was aware of Plaintiff's disability.

53. Plaintiff was qualified for his position and performed his job at a level that met his employer's legitimate expectations.

54. Defendant terminated Plaintiff and replaced him with non-disabled individuals.

55. Defendant's conduct constitutes unlawful disability discrimination in violation of the ADA.

56. As a direct result of Defendant's actions, Plaintiff has suffered damages, including but not limited to lost wages, emotional distress, and diminished career prospects.

## COUNT V – DISIBILITY DISCRIMINATION
### (Wrongful Discharge in Violation of North Carolina Public Policy)

57. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 56.

58. Plaintiff is a qualified person with a disability in that he has a physical impairment that substantially limits one or more major life activities. Plaintiff has a documented military service-connected hearing impairment that constitutes a disability under North Carolina law.

59. Defendant was aware of Plaintiff's disability.

60. Plaintiff was qualified for his position and performed his job at a level that met his employer's legitimate expectations.

61. Defendant terminated Plaintiff and replaced him with non-disabled individuals.

62. Plaintiff's termination was in violation of clearly established North Carolina public policy as expressed in the Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.2 and the Persons with Disabilities Protection Act, N.C. Gen. Stat. § 168A-5, which prohibit discrimination and discharge based on disability or handicap.

63. As a direct result of Defendant's actions, Plaintiff has suffered damages, including but not limited to lost wages, emotional distress, and diminished career prospects.

**COUNT VI - RETALIATORY DISCHARGE IN VIOLATION OF PUBLIC POLICY**

64. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 63.

65. Plaintiff engaged in protected activity by reporting violations of FAA safety regulations to his supervisor, Defendant's CEO, which are matters of public concern and implicate legal obligations under federal law.

66. Shortly after making these protected disclosures, Plaintiff was terminated under a false pretext.

67. Defendant's termination of Plaintiff constitutes unlawful retaliation in violation of the public policy of the State of North Carolina, as expressed in N.C.G.S.A. § 63-47, which specifically requires enforcement of FAA rules and regulations.

68. As a result, Plaintiff has suffered and continues to suffer economic harm, reputational damage, and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Russell G. McMillan respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

1. Compensatory damages in an amount exceeding $1,300,000 for breach of contract and economic loss;

2. An award of back pay, front pay, lost benefits, and other economic damages;

3. Compensatory damages for emotional distress and reputational harm;

4. Liquidated damages under the ADEA for willful violations;

5. Punitive damages to the extent permitted by law;

6. For pre-judgment and post-judgment interest as allowed by law;

7. Reasonable attorneys' fees and costs as permitted under 42 U.S.C. § 12205 and 29 U.S.C. § 626(b); or, alternatively, as required under the Employment Agreement at issue, at Section 4.7, when incurred in enforcing the Employment Agreement; and

8. For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury on all causes of action so triable.

This the 14th day of November, 2025.

**s/Lambert F. Guinn**
Lambert F. Guinn, Bar No. 39714
S. Frederick Winiker, III, Bar No. 22390
Local Counsel for Plaintiff
FLANNERY GEORGALIS LLC
The Carillon Tower
227 W. Trade St., Ste. 950
Charlotte, NC 28202
T: (704) 705-8545
lguinn@flannerygeorgalis.com
rwiniker@flannerygeorgalis.com


**s/Thomas E. Green**
Thomas E. Green, OH Bar No. 0075022
*(Admission Pro Hac Vice forthcoming)*
Helena Oroz, OH Bar No. 0075582
*(Admission Pro Hac Vice forthcoming)*
Counsel for Plaintiff
KASTNER WESTMAN & WILKINS, LLC
3550 W. Market St., Ste. 100
Akron, OH 44333
T: (330) 867-9998
tgreen@kwwlaborlaw.com
horoz@kwwlaborlaw.com
